IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GAIL TAYLOR,<br><br>    Plaintiff,<br>v.<br><br>MYSTERY SHIP, LLC, MYRA NIX, ANDREA JOHNS and TRINA MARIE HILL<br><br>    Defendant. | Case No.:<br><br>_____<br>**JURY TRIAL DEMANDED** |

## **COMPLAINT FOR DAMAGES AND TEMPORARY AND PERMANENT INJUNCTIVE RELIEF**

COMES NOW the Plaintiff, GAIL TAYLOR ("Ms. Taylor"), by and through the undersigned counsel, and brings her Complaint for Damages and Temporary and Permanent Injunctive Relief (the "Complaint") jointly and severally against Mystery Ship, LLC, Myra Nix, Andrea Johns and Trina Marie Hill (collectively referred to as "Defendants"). In support of her Complaint, Ms. Taylor alleges upon personal knowledge as follows:

1

## INTRODUCTION

1.

This is an action seeking damages and injunctive relief pursuant to 17 USC § 408(a) and 28 U.S.C. § 1367 for claims stemming from (a) Defendants' withholding of Taylor's photographs, slides and negatives ("Taylor's Photographic Works") and (b) Defendants' unjust profits off of Taylor's Photographic Works.

## JURISDICTION AND PARTIES

2.

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 as a federal question and for injunctive relief pursuant to 17 U.S.C. 502 (a). The Court's supplemental jurisdiction over state law claims is invoked pursuant to 28 U.S.C. § 1367 and O.C.G.A. §9-10-91.

3.

Defendant Mystery Ship, LLC ("Mystery Ship") is a Georgia limited liability company with a principal place of business within Gwinnett County, Georgia. It may be served with process through its registered agent, Natalie Woodward at 1718 Peachtree Street, NW, Suite 660, Atlanta, Georgia 30329.

4.

Defendant Myra Nix ('MNix") is an individual citizen of Georgia, who resides in Dekalb County, and may be served at 2994 Old Norcross Rd., Tucker, Georgia 30084.

5.

Defendant Andrea Johns ("AJohns") is an individual citizen of Georgia, who resides in Gwinnett County, and may be served at 565 Old Norcross Tucker Road, Tucker, Georgia 30084.

6.

Defendant Trina Marie Hill ("THill") is, upon information and belief, a citizen of California, who resides in Los Angeles County, and may be served at 34136 Mulholland Hwy, Malibu, California 90265.

7.

Taylor resides within the Northern District of Georgia.

## VENUE

8.

Venue is proper in this District because a substantial part of events and omissions giving rise to the claims in this case occurred in this District. (N.D. Ga. L.R. 3.1(B)(3)).

9.

Additionally, this case is properly in the Northern District of Georgia, Atlanta Division pursuant to 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS OF FACT

10.

Taylor began taking professional-grade concert photographs in 1973 when she was in high school.

11.

As early as 1975, Taylor was already known for concert photography and had photographs from five (5) concerts published under her maiden name of Gail Bridges in the North Springs High School yearbook.

12.

By 1980, she had at least one thousand (1,000) high-quality concert negatives and/or photographs of the most famous artists and bands of the era.

13.

During the period of 1973-1980, Taylor sent her film to Kodak for development where it was returned with her name included on each of the original packages.

14.

Taylor continuously stored her photographic collection of photographs, slides and negatives in her darkroom at her residence at her parent's house in Roswell, Georgia.

15.

On or about February 1981, long after attending the concerts where she took the photographs referenced in paragraph 12, above, Taylor married Timothy Aaron Nix ("TNix"). TNix is the late brother of Defendant Myra Nix and late uncle of Defendant Andrea Johns.

16.

In 1988, Taylor and TNix separated. They then divorced in 1989.

17.

In September of 1989, Taylor moved to San Antonio and left her furniture and Taylor's Photographic Works in her parents' home.

18.

On June 1, 1990, Taylor first discovered that her Photographic Works were missing from their storage location in her parents' home.

19.

Taylor immediately contacted Nix to inquire as to the missing photographs. Nix admitted to entering Taylor's parent's house and removing furniture. However,

Nix denied having possession of Taylor's Photographic Works and informed her that all concert photographs in his possession were stolen out of his vehicle and never recovered.

20.

On or about December 2014, TNix passed away. At some time following Timothy Nix's death, Defendants Myra Nix and/or Andrea Johns ("Andrea Johns") located a box of Taylor's photographs, including concert photographs, personal photographs and childhood photographs of Taylor, in a shed on TNix's real property.

21.

On June 8, 2019, via Facebook message, Defendant Andrea Johns contacted Taylor, provided photographs of Taylor's pictures still included in their yellow Kodak packaging with Taylor's name, admitted that she was in possession of photographs belonging to Taylor and agreed to return such photographs to Taylor.

22.

Instead of returning Taylor's work, Defendant(s) Trina Hill, Andrea Johns, and Myra Nix organized Defendant Mystery Ship and fraudulently registered copyrights for certain of Taylor's photographs, including ones of Freddy Mercury and REM under Defendant Mystery Ship's name.

23.

Upon information and belief, Defendants have sold at least one of the photographs contained in Taylor's Photographic Works without authorization from Taylor.

24.

Taylor's Photographic Works have not federally registered by Taylor as they are currently being wrongfully withheld from Taylor.

**COUNT I –TEMPORARY INJUNCTION**

25.

Taylor incorporates the statements and allegations contained in paragraphs 1-24, *supra*, as if set forth fully herein.

26.

Defendants do not allege that any named Defendant took any of the photographs included in Taylor's Photographic Works, the photographs include childhood photographs of Taylor, and certain of the photographs were previously published by Taylor in 1975 in a high school year book with ownership credits to Taylor.

27.

As no record of chain of title exist to show any proper ownership rights by Defendants to these photographs, Taylor establishes the first prong for a temporary

injunction by showing that there is clearly a substantial likelihood that Plaintiff, as the photographer, will prevail on her claim of ownership.

28.

Taylor also shows that the photographs have value which is both monetary and sentimental. The photographs are unique and irreplaceable. Therefore, Taylor establishes the second prong in that she does not have an adequate remedy at law if Defendants continue to damage, sell or transfer Taylor's Photographic Works, and that irreparable harm, and injury will occur to Taylor if Defendants continue to damage, sell or transfer Taylor's Photographic Works.

29.

Taylor is seeking originals of Taylor's Photographic Works for purposes of safekeeping and copyright registration.

30.

Where a party seeks copies of works for copyright registration, "the balance of hardships therefore plausibly weighs in favor of injunctive relief." Found. for Lost Boys & Girls of Sudan, Inc. v. Alcon Entm't, LLC, 2016 U.S. Dist. LEXIS 183684, *28-29 (N.D. Ga. March 22, 2016). Therefore, Taylor establishes the third prong for a temporary injunction by showing that the threatened injury to Taylor outweighs any harm injunctive relief would cause Defendants.

31.

The public interest favors the protection of copyrights, and so also favors entry of a temporary injunction. Thus, Taylor establishes the final prong for injunctive relief. Found. for Lost Boys & Girls of Sudan, Inc. v. Alcon Entm't, LLC, 2016 U.S. Dist. LEXIS 183684, *28-29 (N.D. Ga. March 22, 2016).

32.

The Copyright Act permits "[a]ny court having jurisdiction of a civil action arising under this title ... [to] grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright" 17 U.S.C. § 502(a).

33.

This "power to grant injunctive relief is not limited to registered copyrights, or even to those copyrights which give rise to an infringement action." Found. for Lost Boys & Girls of Sudan, Inc. v. Alcon Entm't, LLC, U.S. Dist. LEXIS 183684 (2016).

34.

Defendants are wrongfully withholding Taylor's Photographic Works from Taylor and must be enjoined to provide Taylor with the originals of Taylor's Photographic Works.

35.

Since June of 2019, Defendants have wrongfully registered two (2) copyrights of Taylor's Photographic Works and have attempted to register hundreds more of her photographic works. Defendants must be enjoined from seeking to copyright Taylor's Photographic Works.

36.

Upon information and belief, since June of 2019, Defendants have wrongfully sold or transferred at least one of Taylor's Photographic Works. Defendants must be enjoined from selling or transferring Taylor's Photographic Works to third parties.

37.

A temporary injunction is required restraining and enjoining Defendants from selling, transferring, gifting, reproducing and/or continuing to seek to register copyrights of Plaintiff's stolen photographic works.

38.

A temporary injunction is required to transfer the originals of all of Taylor's Photographic Works to Taylor as Defendants are not maintaining Taylor's Photographic Works in a manner consistent with archival safe keeping and, are thus, causing severe and irreparable damage to Taylor's Photographic Works.

39.

A temporary injunction is required to transfer the originals of all of Taylor's Photographic Works to Taylor so this matter may be determined properly by declaratory judgment

## COUNT II –PERMANENT INJUNCTION

40.

Taylor incorporates the statements and allegations contained in paragraphs 1-39, *supra*, as if set forth fully herein.

41.

Despite Defendants' initial assertions, Defendants have refused to provide Taylor with her Photographic Works.

42.

Taylor's Photographic Works have lasting value if such works can be protected by copyright from rampant dissemination.  Thus, Taylor establishes the first prong for a permanent injunction.

43.

Without the entry of a Permanent Injunction, Defendants will continue to cause irreparable harm by withholding from Taylor her Photographic Works for the purpose of denying entry of a Declaratory Judgment by this Court.

44.

Without the entry of a Permanent Injunction, Defendants will cause irreparable harm in the future to Taylor by seeking to sell, transfer and/or profit from Taylor's Photographic Works.

45.

Without the entry of a Permanent Injunction, Defendants will cause irreparable harm in the future to Taylor by infringing on Taylors' rights to copyright Taylor's Photographic Works.

46.

Taylor would be irreparably harmed by her inability to (a) seek declaratory judgment and/or (b) register her copyrights within the statutory period.

47.

Taylor has no adequate remedy at law for future infringement because injury due to that infringement "cannot be fully compensated or measured in money." Arista Records, Inc. v. Beker Enters., Inc., 298 F. Supp. 2d 1310, 1314 (S.D. Fla. 2003).  Thus, Taylor establishes the second prong for a permanent injunction.

48.

Where a party seeks copies of works for copyright registration, "the balance of hardships therefore plausibly weighs in favor of injunctive relief." Found. for Lost

Boys & Girls of Sudan, Inc. v. Alcon Entm't, LLC, 2016 U.S. Dist. LEXIS 183684, *28-29 (N.D. Ga. March 22, 2016). Thus, Taylor establishes the third prong for a permanent injunction.

49.

The public interest favors the protection of copyrights, and so also favors entry of a permanent injunction. Found. for Lost Boys & Girls of Sudan, Inc. v. Alcon Entm't, LLC, 2016 U.S. Dist. LEXIS 183684, *28-29 (N.D. Ga. March 22, 2016). Thus, Taylor establishes the final prong for a permanent injunction.

**COUNT III – UNJUST ENRICHMENT**

50.

Taylor incorporates the statements and allegations contained in paragraphs 1-49, *supra*, as if set forth fully herein.

51.

Taylor's Photographic Works contain material wholly original to Taylor and of which Taylor is the author.

52.

Taylor expended great time, effort, training and expense into buying equipment, obtaining concert seats and taking, developing and storing these photographs.

13

53.

Defendants individually, and/or as members of Defendant Mystery Ship, have been unjustly enriched by their acts of withholding Taylor's Photographic Works from Taylor and selling one or more to third parties.

54.

All of Defendant(s)' acts were performed without the permission, license, or consent of Taylor and with the intent to financially benefit from Taylor's Photographic Works.

55.

It would be inequitable for Defendants to retain any benefits or value from Taylor's labor.

56.

Taylor has suffered damages from Defendant(s) actions in an amount to be proven upon trial in this matter.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, Ms. Taylor respectfully requests that the Court find in her favor on all Counts and that the Court award to her:

a. As to Count I, a temporary injunction requiring Defendants to provide the originals of all the Photographic Works to Taylor and prohibiting any sale, transfer or showing of any copy of Taylor's Photographic Works by Defendants;

b. As to Count II, a permanent injunction issue converting the temporary injunction into a permanent injunction;

c. As to Count III, damages in an amount equal to Defendants' unjust enrichment;

d. The addition of a claim for Declaratory Judgment at the Court's earliest consideration;

e. Attorney's fees and costs as permitted by applicable federal law; and

f. Such other relief as the Court may deem just and proper.

Respectfully submitted this twenty-second day of April, 2022.

                                  BRISKIN, CROSS & SANFORD, LLC

                                  **Mary Trachian-Bradley**
                                  Georgia Bar No. 774440
                                  Byron M.G. Sanford
                                  Georgia Bar Number 005055
                                  Counsel for Plaintiff

33 S. Main Street, Suite 300
Alpharetta, Georgia 30009
(770) 410-1555
(770) 410-3281 (facsimile)
mtrachian@briskinlaw.com
bsanford@briskinlaw.com

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1D of the Civil Local Rules of Practice for the United States District Court for the Northern District of Georgia, this is to certify that the foregoing *Complaint* complies with the font and point selections approved by the Court in Local Rule 5.1C.  The foregoing was prepared on computer using Times New Roman (14 point).

                                         **Mary Trachian-Bradley**
                                         Georgia Bar No. 774440
                                         Byron M.G. Sanford
                                         Georgia Bar Number 005055
                                         Counsel for Plaintiff

33 S. Main Street, Suite 300
Alpharetta, Georgia 30009
(770) 410-1555
(770) 410-3281 (facsimile)
mtrachian@briskinlaw.com
bsanford@briskinlaw.com