## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISRICT OF GEORGIA
## ATLANTA DIVISION

GAIL TAYLOR,

Plaintiff,

v.

MYSTERY SHIP, LLC,
MYRA NIX, ANDREA
JOHNS, and TRINA
MARIE HILL

Defendants.

Civil Action

File Number: 1:22-cv-01617-LLM

**Jury Trial Demanded**

## Brief in Support of Defendants' Motion to Dismiss

I. **Introduction**

This is a lawsuit over a box of photographs.

Timothy Nix passed away in December 2014. Prior to his death he

owned and operated a camera store in Tucker, Georgia ("Camera Bug") and

was an avid photographer. At the time of his death, he was unmarried, had

no children, and no will. His Estate was discharged in 2019 and his sisters,

Sandra Frechette and Defendant Myra Nix inherited all of his property. *See*

Exhibit G to Declaration of Natalie S. Woodward (Doc. 15-3).

The heirs of Mr. Nix found a box of photographs found in his shed.

Affidavit of Andrea Johns, ¶¶ 7-9 (Doc. 15-4). The photographs were taken

at concerts Mr. Nix attended in the 1970s and 80s. *Id.*

The Plaintiff in this case was married to Mr. Nix in in the 1980s. In 1989, the Plaintiff and Mr. Nix entered into a settlement agreement regarding all marital property and a Final Judgment and Decree. Exhibit H to Declaration of Natalie S. Woodward (Doc. 15-3).

In 2019, descendants of Mr. Nix contacted the Plaintiff to ask some questions about the concerts and in July 2020, the Plaintiff filed a lawsuit in Gwinnet County Superior Court seeking the same relief she seeks here, possession of the box of photographs and unspecified damages. Affidavit of Andrea Johns, ¶¶ 14-15 (Doc. 15-4);  Exhibits A, B, and C to Declaration of Natalie S. Woodward (Doc. 15-3).

The case in Gwinnet County has had an extended discovery period and extensive motions practice. *See* Docket Statement. Exhibit A to Declaration of Natalie S. Woodward (Doc. 15-3). It is currently specially set for trial on October 17, 2022. *Id.*

The box of photographs, which are defined as "Taylor's Photographic Works" in the Complaint, are currently subject to several orders of the Gwinnet Court. Exhibits D, E and F to Declaration of Natalie S. Woodward (Doc. 15-3) After the case was filed, the Plaintiff and Defendants here agreed to a Consent Order. *Id.* at Exhibit D.  The Consent Order provides

that during the litigation, the photographs will remain in the possession of Defendant's counsel, will not be copied (other than for making inventory), will not be the registered as copyrights, and will not be sold, transferred or shown. *Id.* At some point it appears that the Plaintiff became unhappy with the consent order she agreed to, and twice sought to alter or amend the agreement the parties agreed to. In both instances, after holding a hearing and giving due consideration, the Gwinnet Court refused to alter the consent order or change custody of the photographs. *See Id.* at Exhibits E and F.

The case filed in this Court asks this Court to disturb the multiple and repeated orders of the Gwinnet Court that the photographs should remain in the possession of counsel for Defendant, to ignore the upcoming trial over the ownership of the photographs, and instead order that the photographs be given to the Plaintiff. *See generally*, Complaint (Doc. 1).

This case is subject to dismissal on several grounds, each of which, standing alone, justifies dismissal.

- This Court lacks subject matter jurisdiction. Although the Plaintiff claims this case arises under the Copyright Act, a reading of the Complaint reveals it really relates to a physical box of photographs, slides and negatives – tangible physical items, and not intangible intellectual property. *See* Complaint,

¶ 1 (Doc. 1)("This is an action . . . for claims stemming from (a) Defendants' withholding of Taylor's photographs, slides and negatives").

- Plaintiff fails to state a claim upon which relief can be granted. Plaintiff's complaint does not allege that Plaintiff has registered copyrights to the photographs at issue. *See* Complaint, ¶ 1 (Doc. 1)("Taylor's Photographic Works have not [sic] federally registered by Taylor . . ."). This is a prerequisite for filing a suit, even one for injunctive relief. *Fourth Estate Pub. Ben. Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 891 (2019)("*Once the Register grants or refuses registration*, the copyright owner may also seek an injunction . . .")(emphasis added).

- With respect to the individually named Defendants, the Plaintiff fails to state a claim upon which relief can be granted.

- Plaintiff fails to adequately plead facts which would permit a

recovery for unjust enrichment. Also, because Plaintiff's copyright claims fail, her state law claim to unjust enrichment does not confer subject matter jurisdiction on this Court. Moreover, a claim for unjust enrichment is preempted by the Copyright Act.

- Because this case is duplicative of a state court case going to trial in October 2020, this Court should abstain from exercising jurisdiction under the doctrine announced in in the Supreme Court's *Colorado River* case, *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976), *applied by this Court in Iou Cent., Inc. v. Rosin*, No., 2020 U.S. Dist. LEXIS 251092 (N.D. Ga. Nov. 20, 2020).

In light of these deficiencies, Defendants  Each of these grounds are explored in greater detail below.

## II.    Relevant Facts

### A.    Facts as plead by Plaintiff

#### 1.  The Plaintiff's Complaint concerns tangible items

Though styled as an action arising under copyright law, Plaintiff's

complaint does not describe intangible intellectual property, but the actual box of photographs which were left behind by Timothy Nix. Paragraph 1 of the Complaint defines "Taylor's Photographic Works" as "Taylor's photographs, slides and negatives." Complaint, ¶ 1 (Doc. 1).

### 2.  The Plaintiff has not registered any copyright with respect to the photographs at issue.

Plaintiff admits that "Taylor's Photographic Works have not [sic] federally registered by Taylor . . . " claiming they are currently being wrongfully withheld from Taylor. *Id.* at ¶ 24. No portion of the Complaint claims that the photographs at issue have been registered by the Plaintiff.

### 3.    The Plaintiff's complaint seeks an order giving her possession of tangible items.

Plaintiff's complaint identifies three counts. In the first, she seeks a temporary injunction, but the he relief requested by Plaintiff is an order transferring "Taylor's Photographic Works"  — which again, are defined as "photographs, slides and negatives" into the Plaintiff's possession. *Id.* at ¶ 39 ("A temporary injunction is required to transfer the originals of all Taylor's Photographic Works to Taylor so this matter may be determined properly by declaratory judgment.") In the Prayer for Relief, Plaintiff expands upon this request by asking for an order "requiring Defendants to provide the originals of all Photographic Works to Taylor and prohibiting

any sale, transfer or showing of any copy of Taylor's Photographic Works by Defendants." *Id.* at p. 15 of 16. Plaintiff's request for a permanent injunction seeks only to make her requested temporary injunction permanent. *Id.* And her count seeking damages for "unjust enrichment" fails to identify what these damages are.

### B.   Plaintiff filed a parallel action in the Superior Court of Gwinnet County in July 24, 2020.

On July 24, 2020, the Plaintiff in this case filed a complaint in the Superior Court of Gwinnet County against the exact same Defendants here. Exhibits A, B, and C to Declaration of Natalie S. Woodward (Doc. 15-3).

In addition to involving the exact same parties here, the complaint in the Gwinnet County case seeks every relief prayed for in the complaint filed in this court. *See Id.* at Exhibit B. at p. 14 of 15 (seeking an interlocutory and permanent injunction that possession of the tangible photographs be awarded to Plaintiff).

Discovery in the Gwinnet County action was extended once by consent of the parties. *See Id.* at Exhibit A. The case is specially set for trial beginning October 17, 2022. *Id.*

### C.   The photographs at issue are governed by an order entered in the Gwinnet County case.

The photographs at issue in this case were initially governed by a

Consent Order entered on September 24, 2020 by the Hon. Randy Rich, Judge of the Superior Court of Gwinnet County. Exhibit D to Declaration of Natalie S. Woodward (Doc. 15-3) The Consent order provided that the photographs at issue are in the possession of counsel for the Defendants, that they will not be copied, that there will be no new filings for copyright, and that there will be no transfer, assignment or showing of the photographs. *Id.*

Apparently unhappy with the order she consented to, the Plaintiff filed a motion to compel in the underlying case, resulting in a further order of the Gwinnet County Court, confirming that the photographs should remain in possession of Defendant's counsel. Exhibit E to Declaration of Natalie S. Woodward (Doc. 15-3). In response to yet another motion filed by the Plaintiff in the Gwinnet County case, the state court again declined to alter the original Consent Order. *Id.* at Exhibit F.

**D.    The photographs are owned by Mystery Ship, LLC.**

All of the photographs at issue have been transferred to Mystery Ship, LLC and are therefore not in the possession of any of the individually named Defendants in this case. Affidavit of Andrea Johns, ¶¶ 10-12 (Doc. 15-4).

**III.   Argument and Citation of Authorities**

**A.    The Complaint should be dismissed because this Court lacks subject matter jurisdiction.**

The complaint alleges jurisdiction is based upon a federal question

and specifically upon 17 U.S.C. § 502(a). However, a reading of the Complaint shows that it is seeking exactly the same thing sought in the state court action, physical possession of a box of photographs. Complaint at ¶¶ 1 and 39 and Prayer for Relief.  "[I]t is well-established that not every complaint that refers to the Copyright Act 'arises under' that law for purposes of § 1338(a). *Perry v. Broad. Music, Inc.,* 23 F. App'x 210, 211 (6th Cir. 2001).

Here, the Complaint does not describe any ongoing acts of infringement that must be halted, but instead seeks possession of physical objects. Thus, this case does not hinge on an interpretation of the Copyright Act, but upon the ownership of a box of photographs.  The fact that Plaintiff apparently wants the physical objects so that she may register copyrights does not convert this case into one arising under the Copyright Act.

The Plaintiff did not file this action until almost two years after she filed the Gwinnet County case and until she had litigated the Gwinnet County case for almost two years. Apparently, she is unhappy with the way it is going, but that does not change this identical suit into one that is within the subject matter jurisdiction of this Court. Therefore, Defendant's motion to dismiss pursuant to Rule 12(b)(1) should be granted.

**B.     Plaintiff may not bring a copyright suit when she has not**

**registered copyrights in any of the photos at issue.**

Plaintiff does not claim to have registered any of the copyrights at issue. *See* Complaint, ¶ 24. This deficiency would not deprive the Court of subject matter jurisdiction, *see Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 130 S. Ct. 1237, 176 L. Ed. 2d 18 (2010), however, it does prevent Plaintiff from having stated a complaint upon relief may be granted. Therefore, dismissal is appropriate under Rule 12(b)(6).

Although copyright protection runs from a works creation, a copyright claimant generally must comply with 17 U.S.C. § 411(a)'s requirement registration be made before bringing suit. *Fourth Estate Pub. Ben. Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 887 (2019)("although an owner's rights exist apart from registration, see §408(a), registration is akin to an administrative exhaustion requirement that the owner must satisfy before suing to enforce ownership rights").

The Plaintiff can be expected to point out that her complaint seeks injunctive relief, which this Court has previously allowed in a case involving unregistered works. *See Found. for Lost Boys & Girls of Sudan, Inc. v. Alcon Entm't, LLC*, 2016 U.S. Dist. LEXIS 183684, at *22-23 (N.D. Ga. Mar. 22, 2016). However, the order in *Lost Boys* is not binding on this Court, and whether it remains persuasive should be viewed in light of the

more recent discussion of the necessity of registration by the Supreme Court

in *Fourth Estate*. *See Camreta v. Greene*, 563 U.S. 692, 709, 131 S. Ct.

2020, 2033 n.7, 179 L. Ed. 2d 1118 (2011)("A decision of a federal district

court judge is not binding precedent in either a different judicial district, the

same judicial district, or even upon the same judge in a different case.")

At issue in *Fourth Estate* was whether registration, as a prerequisite

for a claim under the Copyright Act, occurs when an application is

submitted, or only after the registration is granted or rejected. *Fourth Estate*,

139 S. Ct. at 888 (2019). In addressing this question, the Court also

considered the interplay between the registration requirement of Section

411(a) and Section 408(a)'s promise that registration is not a condition of

protection:

> Fourth Estate additionally argues that, as
> "registration is not a condition of copyright
> protection," 17 U. S. C. §408(a), §411(a) should not
> be read to bar a copyright claimant from enforcing
> that protection in court once she has submitted a
> proper application for registration. But as
> explained *supra*, at __, 203 L. Ed. 2d, at 153,
> the Copyright Act safeguards copyright owners,
> irrespective of registration, by vesting them with
> exclusive rights upon creation of their works and
> prohibiting infringement from that point forward. If
> infringement occurs before a copyright owner
> applies for registration, that owner may eventually
> recover damages for the past infringement, as well
> as the infringer's profits. §504. She must simply
> apply for registration and receive the Copyright

> Office's decision on her application before instituting suit.

*Fourth Estate* 139 S. Ct. at 891.

Specifically addressing injunctive relief, the Court noted that "*Once* the Register grants or refuses registration, the copyright owner may also seek an injunction barring the infringer from continued violation of her exclusive rights and an order requiring the infringer to destroy infringing materials." *Id.* (emphasis added). Though arguably dicta, it is dicta from a unanimous United States Supreme Court indicating that a claim seeking injunctive relief under the Copyright Act may only be brought "once" the Register grants or refuses registration.

This interpretation, requiring registration as a prerequisite to injunctive relief, is consistent with the text of the statute, which requires registration as a prerequisite for a "civil action for infringement" 17 U.S.C. § 411 and provides injunctive relief as a "remedy" for infringement. *See* 17 U.S. C. § 502 ("Remedies for infringement: Injunctions"). *See also Whistleblower Prods., LLC v. St8cked Media LLC*, 2019 U.S. Dist. LEXIS 117396, at *14-16 (E.D.N.Y. July 15, 2019); *Johnson v. Magnolia Pictures LLC*, 2019 U.S. Dist. LEXIS 187206, at *4 (S.D.N.Y. Oct. 28, 2019).

The present case is unlike *Olan Mills, Inc. v. Linn Photo Co.*, 23 F.3d 1345, 1349 (8th Cir. 1994) and *Pac. & S. Co. v. Duncan*, 744 F.2d 1490, 1499

(11th Cir. 1984), in which injunctions with respect to unregistered copyrights were issued as a remedy following a showing that registered copyrights had been infringed and that a pattern of infringement would continue in the future without a forward looking injunction. Here, there is not a single registered copyright at issue. Therefore, suit is precluded.

### C.   The individual defendants must be dismissed.

The Complaint fails to allege specific conduct of any of the individual Defendants that states a claim upon which relief may be granted. Federal Rule of Civil Procedure 8 requires that each Defendant receive fair notice of the claims asserted against each particular one of them. A complaint may fall within a category of impermissible shotgun pleadings if it asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Bch. Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015). If the complaint "can be fairly read to aver that all defendants are responsible for the alleged conduct," then it need not specify the particular defendant and may refer to the defendants collectively. *Kyle K v. Chapman*, 208 F. 3d 940, 944 (11th Cir. 2000).

Here, the Complaint fails to tie any specific actions of any individual Defendant together with the relief requested. The Plaintiff does not allege that

any of the individual defendants are in possession of the photographs at issue, or allege any specific facts that show any of the individual defendants have infringed on any copyright of the Plaintiff. As Plaintiff is aware from the pending state court action, ownership of the photos at issue has been transferred to Mystery Ship, LLC, also a Defendant in this case. Affidavit of Andrea Johns, ¶¶ 10-12 (Doc. 15-4).

General allegations lumping all defendants together and failing to identify specific actions of individual defendants will not suffice to raise an inference of plausible liability against any individual defendant. *Callier v. Nat'l United Grp., LLC*, 2021 U.S. Dist. LEXIS 223278, at *10 (W.D. Tex. Nov. 17, 2021). A pleading must provide specific factual allegations of violations against specific defendants to suffice. *Id.*

Here, the Complaint does not set allege that any of the individual Defendants are in possession of the photographs at issue, or specifically allege any action taken by an individual Defendant which infringes or threatens to infringe upon any interest of the Plaintiff. As a result, the Complaint should be dismissed against the individual Defendants for failure to state a plausible claim under Rule 12(b)(6) and *Twombly/Iqbal* analysis.

**D.    Plaintiff's claim for unjust enrichment should be dismissed.**

Because Plaintiff's claims that allegedly arise under the Copyright Act

must be dismissed, there is no federal question which would permit

supplemental jurisdiction over Plaintiff's state law claim for unjust

enrichment. Therefore, this claim must be dismissed too.

However, should the Court allow the purported copyright claims to

proceed, Plaintiff's claim for unjust enrichment must still be dismissed under

Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

First, if this case is allowed to proceed as a copyright case, the claim

for unjust enrichment is preempted. As Judge Totenberg recently explained:

> Under 17 U.S.C. § 301(a),"all legal or equitable
> rights that are equivalent to any of the exclusive
> rights within the general scope of copyright as
> specified by [17 U.S.C. § 106 ] . . . are governed
> exclusively by [the Copyright Act]." The statute
> provides an exception to the rule of federal
> preemption for "activities violating legal or
> equitable rights that are not equivalent to any of the
> exclusive rights within the general scope of
> copyright as specified by section 106." Id. §
> 301(b)(3). As the Eleventh Circuit has recognized,
> "[t]he result of this subsection is that the
> [Copyright] Act 'preempts only those state law
> rights that may be abridged by an act which, in and
> of itself, would infringe one of the exclusive rights
> provided by federal copyright law.'" *Foley v. Luster*,
> 249 F.3d 1281, 1285 (11th Cir. 2001).
>
> "[T]his language sets up a two-part test for
> determining when a state-law claim is
> preempted[.]" *Priority Payment Sys., LLC v.
> Signapay, Ltd*, 161 F. Supp. 3d 1285, 1289 (N.D.
> Ga. 2015). First, the Court must determine "whether
> the rights at issue fall within the 'subject matter of

copyright' set forth in sections 102 and 103'" of the Copyright Act. *Id*. Second, it must determine "whether the rights at issue are 'equivalent to' the exclusive rights of section 106" of the Act. *Id*.

The Eleventh Circuit applies an "extra element" test to determine whether a plaintiff's state law claims are qualitatively different from violations of the bundle of copyright rights protected by 17 U.S.C. § 106. *Foley*, 249 F.3d at 1285. Under this test, a plaintiff's state law claims are preempted if there is "no extra element" that would remove the plaintiff's claims "from the general scope of copyright." *Lipscher v. LRP Publ'ns, Inc.*, 266 F.3d 1305, 1312 (11th Cir. 2001). But the plaintiff's state law claims are not equivalent to the exclusive rights under section 106, and therefore are not preempted, when they involve an "extra element" that "changes the nature of the action so that it is qualitatively different from a copyright infringement claim." *Foley*, 249 F.3d at 1285 (emphasis in original).

. . .

As an initial matter, unlike implied-in-fact contract claims, "quasi-contract claims — like unjust enrichment — are almost always preempted." *Archer*, 2018 U.S. Dist. LEXIS 10961, at *8. More specifically, "a state-law cause of action for unjust enrichment or quasi contract should be regarded as an 'equivalent right' and, hence, preempted insofar as it applies to copyright subject matter[.]"). 1 Nimmer on Copyright § 1.15[G] (emphasis in original) (footnotes omitted); see Archer, 2018 U.S. Dist. LEXIS 10961, at *7 n.22.

*Fuss v. Bensch*, 2022 U.S. Dist. LEXIS 132087, at *4-6 (N.D. Ga. May 4, 2022)(some citation omitted).

As shown in *Fuss*, the question becomes whether the suit is for

unauthorized use of copyrighted material or whether there is an extra

element. *Id.* at *18 As noted, the Complaint in this case is most correctly

read as concerning physical photographs, not intellectual property. However,

to the extent it is read as seeking redress for the unauthorized use of

Plaintiff's intellectual property, it does not set forth any "extra" element

beyond the unauthorized use and possession of the photographs.

Finally, Plaintiff has failed to state a claim for unjust enrichment

because she had not pled any facts which would show 1.) that the Plaintiff

performed any action with the expectation that Defendants would pay her, or

2.) that the Defendants did anything to induce, accept or encourage the

Plaintiff to perform any actions. "The concept of unjust enrichment in law is

premised upon the principle that a party cannot induce, accept, or encourage

another to furnish or render something of value to such party and avoid

payment for the value received . . ." *Reidling v. Holcomb*, 225 Ga. App. 229,

232, 483 S.E.2d 624, 626 (1997). "Inherent in unjust enrichment is the

requirement that the receiving party knew of the value being bestowed upon

them by another and failed to stop the act or to reject the benefit." *Id. See*

*also, Morris v. Britt*, 275 Ga. App. 293, 294, 620 S.E.2d 422, 424

(2005)("For unjust enrichment to apply, the party conferring the labor and

things of value must act with the expectation that the other will be

responsible for the cost.")(Citation omitted).

Assuming, for the purposes of this motion, that Plaintiff did create the box of photographs, she has not alleged that she did so with the expectation that the Defendants would pay her for doing so, or that the defendants induced, accepted, or encouraged her to do so. These requirements flow from the fact that, ""[a] claim for unjust enrichment is not a tort, but an alternative theory of recovery if a contract claim fails." *Wachovia Ins. Servs. v. Fallon*, 299 Ga. App. 440, 449, 682 S.E.2d 657, 665 (2009)(citation omitted). Here, Plaintiff has failed to allege a failed contract and failed to plead her unjust enrichment claim as an alternative theory to a failed contract, she fails to state a claim as a matter of law. *See Id.* ("Because Wachovia Insurance asserts unjust enrichment as a separate tort and not an alternative theory of recovery for a failed contract, this claim fails as a matter of law.")

**E.     This case should be dismissed, or in the alternative, stayed, pursuant to the *Colorado River* doctrine.**

The *Colorado River* doctrine "addresses the circumstances in which federal courts should abstain from exercising their jurisdiction because a parallel lawsuit is proceeding in one or more state courts." *Ambrosia Coal & Constr. Co. v. Pagés Morales*, 368 F.3d 1320, 1327, 95 Fed. Appx. 1320 (11th Cir. 2004). It arises from the United States Supreme Court's decision

in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976). The purpose of this doctrine is to conserve judicial resources and promote the comprehensive disposition of litigation. *Moorer v. Demopolis Waterworks & Sewer Bd.*, 374 F.3d 994, 997 (11th Cir. 2004).

This Court has recently addressed the *Colorado River* doctrine *in Iou Cent., Inc. v. Rosin*, 2020 U.S. Dist. LEXIS 251092 (N.D. Ga. Nov. 20, 2020). Relying on well-established authority, this Court noted that "[u]nder *Colorado River*, a district court may abstain from a case if (1) a parallel lawsuit is proceeding in state court, and (2) judicial-administration reasons demand abstention.'" *Id.* (quotation and citation omitted).

## 1.    Here, a parallel action in pending in state court.

The Gwinnet County case filed by the Plaintiff nearly two years before she filed this case involves the identical parties, and, like this case, is essentially seeking possession of the physical photographs.

## 2.    The judicial-administration reasons demand abstention.

There are seven factors at issue in applying *Colorado River* analysis:

> In interpreting *Colorado River* and its progeny, this court has catalogued six factors that must be weighed in analyzing the permissibility of abstention, namely: (1) whether one of the courts has assumed jurisdiction over property, (2) the inconvenience of the federal forum, (3) the potential

> for piecemeal litigation, (4) the order in which the fora obtained jurisdiction, (5) whether state or federal law will be applied, and (6) the adequacy of the state court to protect the parties' rights. A*m. Bankers Ins. Co. of Fla. v. First State Ins. Co.*, 891 F.2d 882, 884 (11th Cir. 1990). Additionally, in *Moses H. Cone*, 460 U.S. at 17 n.20, 103 S. Ct. at 937, the Supreme Court remarked that "the vexatious or reactive nature of either the federal or the state litigation may influence the decision whether to defer to a parallel state litigation under Colorado River."

*Ambrosia Coal & Constr. Co. v. Morales*, 368 F.3d 1320, 1331, 95 F. App'x 1320 (11th Cir. 2004).

### a.   The Gwinnet Court has jurisdiction over the property at issue.

Here, the Plaintiff asks this Court to issue an order to "transfer the originals of all of Taylor's Photographic Works to Taylor." Complaint, ¶ 39. However, the photographs are already subject to the jurisdiction of the Superior Court of Gwinnet County, which has ordered that the photographs remain in the possession of counsel for the Defendants until the resolution of that case. Exhibits D, E, and F to Declaration of Natalie S. Woodward (Doc. 15-3) Thus, the Plaintiff is asking this Court to issue an order contradicting the order of the Gwinnet Superior Court, which has assumed jurisdiction over the photographs at issue. This factor therefore weighs heavily in favor of abstention.

   **b.**  **The convenience of the federal forum is neutral.**

The Defendants to not claim that this forum is geographically inconvenient. Therefore, this factor is neutral.

   **c.**  **Allowing this case to continue presents a grave risk of piecemeal litigation, inconsistent results, and a wasting of resources of this Court and the parties.**

Under the third factor, "overlapping cases counsel in favor of abstention." *Iou Cent., Inc.* at \*20. Relevant considerations include the similarity of the issues involved in the state and federal cases, the possibility of contradictory results and the wasting of judicial resources. *Id.* at \*20-21. Here, each of these factors weighs in favor of abstention. First, the parties and issues and relief requested are identical. Second, the Gwinnet County case has been through extended discovery, motions practice and is specially set for trial in October. Finally, the Gwinnet County court has a current order in place that the photographs should be in the possession of defense counsel. The trial specially set for October will determine who owns the photographs. Therefore, there is a "serious risk that the [Gwinnet County] case may result in a judgment . . . that would make Plaintiff's primary claims here subject to dismissal on *res judicata* grounds." *Id.* at 21. There is also "a high risk of wasting judicial resources." *Id.*

   **d.**  **The Gwinnet County case has been pending since**

**2020 and is about to go to trial.**

When considering the order in which state and federal courts obtained jurisdiction, the inquiry is not simply on which case was filed first, but "on how much progress has been made in the two actions." *Id.* (citation omitted). Here, the Gwinnet case has been pending for over two years and is specially set for trial on October 17, 2022. This weighs in favor of abstention.

### e.   Whether State or Federal Law will be applied.

This factor asks whether the case involves a difficult issue of state law that is "particularly complex or best left for state courts to resolve." *Id.* at *22 (citation omitted). Here, this factor is neutral.

### f.   The State Court is adequate to protect the parties' rights.

This factor applies when either the state or federal court is unable to protect the parties' rights. *Id.* In this case, it neither weighs in favor or against abstention. However, it should be noted that the State Court has issued an order safeguarding the photos at issue and preventing any party from making use of them until the resolution of the State Court action.

### g.   The vexatious and reactive nature of this litigation favors abstention.

The words of this Court's analysis in *Iou Central* are equally true here:

The seventh factor is "the vexatious or reactive nature of either the federal or the state litigation." *Moses H. Cone*, 460 U.S. at 17 n.20. Here, Plaintiff filed suit in this Court after it had litigated for several years in the [. . .] state court—the forum it initially chose. The [state] court's docket reflects that Plaintiff engaged in extensive motions practice before and after its motion for summary judgment was ultimately denied. It was only after having reached that stage that Plaintiff filed this suit, which is substantially the same as the Florida case, in federal court. "This sequence of events indicates that this suit is likely reactive, weighing in favor of abstention." *Baker,* 759 F. App'x at 764 (holding that a federal suit was a reactive filing when the state court had already been asked to decide an issue that would settle plaintiffs' beneficial interests). Accordingly, this factor weighs in favor of abstention.

Based on the application of these seven factors, the Court finds that abstention is appropriate in this case. Plaintiff filed substantially the same case years ago in [the] state court, and the case has been ardently litigated there since it was filed. Litigating the case again here poses a high risk of piecemeal litigation and a high risk of inconsistent judgments between this Court and the [. . .] state court. The [. . .] state court is well suited to deciding the outcome of this action, which Plaintiff implicitly acknowledged when it first chose that court as a forum. While the Court acknowledges that it bears a "virtually unflagging obligation" to exercise jurisdiction when it exists, *Colo. River*, 424 U.S. at 814, this case presents "extraordinary circumstances involving the contemporaneous exercise of concurrent jurisdictions." *Baker*, 759 F. App'x at 762-63). Plaintiff may not relitigate its case in this forum simply because it is displeased with the results in the [. . .] state court or because it

wishes to attack Defendants on two fronts.

*Iou Central*, at *23-25.

Here, the Plaintiff has waited nearly two years to file in this Court while the Gwinnet County case has proceeded and is almost to trial. This case is clearly a reflection of displeasure with the results, an attempt to take two bites at the same apple, or an attempt to harass the Defendants and drive up the cost of litigation. As a result, pursuant to the *Colorado River* doctrine this case should be dismissed, or at least stayed until the resolution of the Gwinnett County case.

## IV.    Conclusion

For the reasons stated above, this case should be dismissed, or, in the least alternative, stayed pending the resolution of the Gwinnet County case.

Respectfully submitted,

JORDAN WOODWARD CATHEY

By: *s/ Natalie S. Woodward*
Natalie S. Woodward
Georgia Bar No. 773827

3715 Northside Parkway
Bldg. 100-Ste. 500
Atlanta, GA 30327
(404) 860-2409
woodward@thetrial.attorney

## <u>CERTIFICATE OF SERVICE AND COMPLIANCE</u>
## <u>WITH LOCAL RULE 5.1</u>

I hereby certify that the foregoing document was prepared in Times New Roman 14 Point Font as allowed by Local Rule 5.1, and further certify that I have this day served a copy of the within and foregoing **Brief in Support of Defendants' Motion to Dismiss** upon all parties to this matter via the CM/ECF system for electronic notification to all counsel of record.

This 8th day of August, 2022.

By: <u>*s/ Natalie S. Woodward*</u>
Natalie S. Woodward
Georgia Bar No. 773827

Jordan Woodward Cathey
3715 Northside Parkway
Bldg. 100-Ste. 500
Atlanta, GA 30327
(404) 860-2409
woodward@thetrial.attorney