IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| GAIL TAYLOR, | : | |
| | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:22-CV-01617-LMM |
| | : | |
| MYSTERY SHIP, LLC; MYRA NIX; | : | |
| ANDREA JOHNS & TRINA MARIE | : | |
| HILL, | : | |
| | : | |
| Defendants. | : | |

## ORDER

This case comes before the Court on Defendants' Motion to Dismiss [15].

After due consideration, the Court enters the following Order:

## I. BACKGROUND

This lawsuit concerns a dispute between Plaintiff Gail Taylor and Defendants

Mystery Ship, LLC, Myra Nix, Andrea Johns, and Trina Marie Hill over a set of

photos that Plaintiff seeks to recover from Defendants. In short, Plaintiff alleges

that Defendants possess a set of photos that she took in the 1970s, refuse to return

them to her, and have registered copyrights for and sold some of the photos

without Plaintiff's authorization. Dkt. No. [1] ¶¶ 21–23.

In the 1970s, Plaintiff began taking professional-grade concert photos. Id.

¶¶ 10–12. In 1975, Plaintiff had five such photos published in a high school

yearbook, and by 1980, she had at least 1,000 high-quality photos and negatives of famous bands and artists of the time. Id. Plaintiff never registered copyrights for any of these photos. Id. ¶ 24.

Defendants Nix and Johns are relatives of Plaintiff's late ex-husband and found a box of photographs, including many concert photos and childhood pictures of Plaintiff, among her ex-husband's belongings. Id. ¶¶ 15, 20. Plaintiff claims that in 2019, Defendant Johns told Plaintiff that she had her photos and agreed to return them to Plaintiff. Id. ¶ 21. But Plaintiff alleges that rather than returning the photos, the three individual Defendants formed Mystery Ship, LLC and then fraudulently registered copyrights for some of Plaintiff's photos, including pictures of Freddy Mercury and REM, in the company's name. Id. ¶ 22. Plaintiff also alleges that Defendants sold at least one of the photos without her permission. Id. ¶ 23.

In 2020, Plaintiff filed an action in Gwinnett County Superior Court against Defendants, seeking possession of the box of photographs and damages with various state law claims. Dkt. No. [15-1] at 2–3; Dkt. No. [17] at 5. Plaintiff asserts that during the state court litigation, she learned that federal claims were available and decided to file the present suit. Dkt. No. [17] at 5. Here, Plaintiff contends that the Copyright Act, 17 U.S.C. § 502(a), provides for federal injunctive relief because of Defendants' alleged infringement of her rights concerning the photographs. Dkt. No. [1] ¶ 32. Plaintiff sued for a temporary injunction and a permanent injunction pursuant to the Copyright Act and damages pursuant to a state law unjust enrichment claim. Id. ¶¶ 25–56; id. at 15. In her pleas for both injunctions, Plaintiff

requests that the Court block the sale, transfer, gifting, reproduction, and copyright registration of the photos by Defendants and that it compel transfer of the photos to Plaintiff.[1] Id. ¶¶ 37–38, 42–45.

Defendants moved to dismiss Plaintiff's Complaint for lack of subject-matter jurisdiction and failure to state a claim, or alternatively, to dismiss or stay the case on abstention grounds during the Gwinnett County proceeding. Dkt. No. [15]. The Gwinnett County proceeding terminated in October 2022 with a jury verdict in favor of Defendants on all counts. Dkt. Nos. [26, 26-1]. Based on this result, Defendants continue to assert that abstention is proper. Dkt. No. [26]. Plaintiff argues that this Court has exclusive jurisdiction over her copyright claims and that the state court's determination of physical possession has no bearing on her intellectual property rights. Dkt. No. [27].

## II.   LEGAL STANDARD

Defendants move to dismiss Plaintiff's Complaint under both Rule 12(b)(1) for lack of subject-matter jurisdiction and Rule 12(b)(6) for failure to state a claim on which relief can be granted. The applicable standards are as follows.

### A. Rule 12(b)(1) Standard

Original jurisdiction of the district courts of the United States may be based on an action arising out of the Constitution or laws of the United States (federal

---

[1] Plaintiff also alludes to the fact that gaining possession of the photographs is necessary for her to bring an action for declaratory judgment in this Court, Dkt. No. [1] ¶¶ 39, 43, 46; id. at 15, but it is not clear what declaratory relief she would seek or how that suit would differ from a copyright infringement claim.

question jurisdiction) or diversity of citizenship of the parties (diversity jurisdiction). 28 U.S.C. §§ 1331, 1332. Rule 12(b)(1) permits dismissal of a complaint for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). When a 12(b)(1) motion challenges federal question jurisdiction, it generally must meet a high bar: the movant should show that "the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." Bell v. Hood, 327 U.S. 678, 682–83 (1946).

A motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1) may be based on a facial or factual challenge to the complaint. McElmurray v. Consol. Gov't of Augusta-Richmond Cnty., 501 F.3d 1244, 1251 (11th Cir. 2007) (citing Williamson v. Tucker, 645 F.2d 404, 412 (5th Cir. 1981)). A facial attack "requires the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction," and for purposes of the motion, the plaintiff's allegations in the complaint are taken as true. Id. (alterations adopted) (quoting Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990)). A factual attack, however, challenges "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits are considered." Id. (quoting Lawrence, 919 F.2d at 1529).

### B. 12(b)(6) Standard

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While this pleading standard does not require "detailed factual allegations," the Supreme Court has held that "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

To withstand a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). A complaint is plausible on its face when a plaintiff pleads factual content necessary for a court to draw the reasonable inference that the defendant is liable for the conduct alleged. Id. (citing Twombly, 550 U.S. at 556).

At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." FindWhat Inv. Grp. v. FindWhat.com, 658 F.3d 1282, 1296 (11th Cir. 2011) (quoting Garfield v. NDC Health Corp., 466 F.3d 1255, 1261 (11th Cir. 2006)). But this principle does not apply to legal conclusions set forth in the complaint. Iqbal, 556 U.S. at 678.

### III.   DISCUSSION

Defendants seek dismissal on various grounds. First, they argue that the Court lacks subject-matter jurisdiction over the action because Plaintiff's claim concerns physical possession of her property, not her intellectual property rights. Dkt. No. [15-1] at 8–9. Second, Defendants contend that Plaintiff cannot obtain the relief she seeks because she has not registered copyrights for any of the photos at issue. Id. at 9–13. Third, Defendants note that Plaintiff concedes that the Copyright Act preempts her unjust enrichment claim. Dkt. No. [17] at 6; Dkt. No. [18] at 2. They also assert that Plaintiff's Complaint is a shotgun pleading and seek dismissal on abstention grounds under the Colorado River doctrine. Dkt. No. [15-1] at 13–14, 18–24. The Court agrees with Defendants' second and third arguments. Therefore, the Court grants Defendants' Motion to Dismiss for the reasons explained below and need not reach the parties' arguments regarding shotgun pleadings and abstention.

### A. Subject-Matter Jurisdiction

Defendants' first argument is that this Court has no jurisdiction over Plaintiff's action. Id. at 8–9. Defendants argue that because Plaintiff seeks physical possession of the photos, she does not bring a true copyright action. Id. Because Plaintiff's Complaint rests on federal question jurisdiction, not diversity jurisdiction, it must arise under federal law. 28 U.S.C. § 1331; Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996) ("As a general rule, a case arises under federal law only if it is federal law that creates the cause of action."). Plaintiff's claim meets this

standard: Plaintiff alleges that Defendants have violated federal copyright laws. Dkt. No. [1] ¶¶ 1–2. Plaintiff seeks relief under 17 U.S.C. § 502, which permits courts to grant injunctions to prevent copyright infringement. Id. ¶¶ 2, 32; 17 U.S.C. § 502. The Eleventh Circuit has acknowledged that an action "arises under" the Copyright Act when the complaint seeks a remedy expressly provided by the Act, such as a suit for infringement. Sullivan v. Naturalis, Inc., 5 F.3d 1410, 1412 (11th Cir. 1993) (quoting T.B. Harms Co. v. Eliscu, 339 F.2d 823, 828 (2d Cir. 1964)). Further, 28 U.S.C. § 1338 provides district courts with jurisdiction over civil actions arising under federal statutes relating to copyrights. 28 U.S.C. § 1338(a). Whether Plaintiff adequately states an infringement claim under the Copyright Act is a distinct inquiry that requires the Court to exercise jurisdiction over Plaintiff's claim. Thus, the Court will not dismiss this action for lack of subject-matter jurisdiction and turns to Defendants' substantive argument.

### B. Copyright Registration

Defendants argue that if the Court does exercise jurisdiction over this matter, it should find that Plaintiff cannot claim copyright infringement without any registered copyrights. Dkt. No. [15-1] at 10. Defendants rely on the Supreme Court's 2019 decision in Fourth Estate Public Benefit Corp. v. Wall-Street.Com, LLC, 139 S. Ct. 881 (2019), to assert that Plaintiff cannot seek injunctive relief for copyright infringement because she cannot bring a valid infringement claim without first registering any copyrights. Id. at 10–12. The Court agrees.

Although Plaintiff's Complaint focuses on the relief sought—a temporary and permanent injunction—rather than a substantive federal claim, it is ostensibly a copyright infringement action. Plaintiff cites 17 U.S.C. § 408(a) and 17 U.S.C. § 502(a) as the bases for her suit. Dkt. No. [1] ¶¶ 1–2. Section 408 provides that the owner of a copyright may officially register that copyright, but "[s]uch registration is not a condition of copyright protection." 17 U.S.C. § 408(a). Section 502 provides that a court may "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." Id. § 502(a). With this background, Plaintiff then alleges that she owns unregistered copyrights in the photos at issue and that Defendants have sold and registered those photos without her permission, consistent with typical infringement claims. Dkt. No. [1] ¶¶ 24, 26–28, 34–38; see, e.g., Fourth Est., 139 S. Ct. at 887. She also explicitly notes that Defendants will infringe on her rights in her plea for a permanent injunction. See Dkt. No. [1] ¶ 45 ("Without the entry of a Permanent Injunction, Defendants will cause irreparable harm in the future to Taylor by infringing on Taylor['s] rights to copyright Taylor's photographic works."); id. ¶ 47 ("Taylor has no adequate remedy at law for future infringement . . . ."). Therefore, Plaintiff seeks relief for alleged copyright infringement and thus falls within the general rule for infringement claims: she must register her copyrights before she can bring suit. Fourth Est., 139 S. Ct. at 886–87.

In Fourth Estate, the Supreme Court explained this registration requirement. Id. Certain copyright protections vest upon creation, regardless of

whether a copyright is officially registered. 17 U.S.C. §§ 106, 408(a); <u>Fourth Est.</u>, 139 S. Ct. at 887. "Before pursuing an infringement claim in court, however, a copyright claimant generally must comply with § 411(a)'s requirement that 'registration of the copyright claim has been made.'" <u>Fourth Est.</u>, 139 S. Ct. at 887 (quoting 17 U.S.C. § 411(a)). Therefore, "registration is akin to an administrative exhaustion requirement that the owner must satisfy before suing to enforce ownership rights." <u>Id.</u> None of the exceptions to this rule applies here, nor do the parties assert that such an exception should apply. Thus, Plaintiff cannot bring a valid infringement claim because, as she admits, she has not registered any of the photos. Dkt. No. [1] ¶ 24.

Despite this bar to suit, Plaintiff argues that it should not preclude her from seeking injunctive relief, based on this Court's order in <u>Foundation for Lost Boys & Girls of Sudan, Inc. v. Alcon Entertainment, LLC.</u> Dkt. No. [1] ¶ 33; Dkt. No. 17 at 7–8.[2] There, this Court determined that the plaintiffs could not sustain a copyright infringement claim because they had not registered copyrights in the disputed material, but it nonetheless declined to dismiss the plaintiffs' plea for injunctive relief on copyright infringement grounds. <u>Found. for Lost Boys & Girls of Sudan, Inc. v. Alcon Ent.</u>, No. 1:15-cv-00509-LMM, 2016 WL 4394486, at *5–9 (N.D. Ga.

---

[2] Plaintiff also asserts that <u>Foundation for Lost Boys & Girls</u> indicates that she must file suit for injunctive relief to stop a statute of limitations from running on her copyright claim. Dkt. No. [17] at 8. The portion of <u>Foundation for Lost Boys & Girls</u> concerning copyright infringement and injunctive relief does not mention tolling or any statute of limitations; therefore, the Court disagrees that <u>Foundation for Lost Boys & Girls</u> provides any instruction on that front.

Mar. 22, 2016). In that case, the plaintiffs were likely to refile their claim after obtaining copies of the material, and plaintiffs had sixteen (of eighteen) counts in their complaint that survived the defendants' motion to dismiss. Id. at *7, 22. These counts were those that may have resulted in the return of the material, such that registration could be made. Id. at *4, 22. Here, however, Plaintiff has no apparent route to obtain copies, or originals, of her photographs so that she may register them and subsequently bring an infringement claim. A state court jury already determined that she is not entitled to ownership of the photos. Dkt. No. [26] at 2; Dkt. No. [26-1]. Therefore, unlike the plaintiffs in Foundation for Lost Boys & Girls, Plaintiff's opportunity to register the copyrights has already been foreclosed. And without any valid substantive claim to sustain her action, Plaintiff cannot get injunctive relief.

In Foundation for Lost Boys & Girls, the Court relied on Olan Mills, Inc. v. Linn Photo Co., 23 F.3d 1345 (8th Cir. 1994), which in turn rested on the Eleventh Circuit's decision in Pacific & Southern Co. v. Duncan, 744 F.2d 1490 (11th Cir. 1984). Found. for Lost Boys, 2016 WL 4394486, at *7. In Olan Mills, the Eighth Circuit stated, "The power to grant injunctive relief is not limited to registered copyrights, or even to those copyrights which give rise to an infringement action." Olan Mills, 23 F.3d at 1349 (citing Duncan, 744 F.2d at 1499 n.17). In Duncan, the Eleventh Circuit found that the district court had the authority to issue an injunction covering future, unregistered copyrights "because the statute[, § 502,] provides for injunctions to prevent infringement of '*a* copyright,' . . . not

necessarily *the registered copyright* that gave rise to the infringement action."
<u>Duncan</u>, 744 F.2d at 1499 n.17 (second emphasis added). The court reasoned that it would be "especially unjust" to find otherwise in that case because "the registered work and the future works [we]re so closely related" and because the Copyright Act promises certain protections for unregistered copyrights. <u>Id.</u> (citing 17 U.S.C. §408(a)).

Since <u>Foundation for Lost Boys & Girls</u>, the Eleventh Circuit has cabined its <u>Duncan</u> decision. <u>Fourth Est. Pub. Ben. Corp. v. Wall-Street.com, LLC</u>, 856 F.3d 1338, 1342 (11th Cir. 2017); <u>see also</u> <u>Stuart Weitzman, LLC v. Microcomputer Res., Inc.</u>, 542 F.3d 859, 865 n.6 (11th Cir. 2008), *abrogated in part on other grounds by* <u>Reed Elsevier, Inc. v. Muchnick</u>, 559 U.S. 154 (2010). In its <u>Fourth Estate</u> opinion, the Eleventh Circuit described <u>Duncan</u> as an "unusual circumstance" in which it "allowed injunctive relief to be sought prior to registration" because the plaintiffs had already shown infringement of a *registered* work and demonstrated that future infringement was both likely and predictable based on the series of works at issue. <u>Fourth Est.</u>, 856 F.3d at 1342 (quoting <u>Stuart Weitzman</u>, 542 F.3d at 865 n.6). It explained that <u>Duncan</u> did not apply to the case before it because Fourth Estate had "not alleged infringement of any registered work," "the ongoing creation of original works, or potential future infringement of works not yet created." <u>Id.</u> The same is true here. Plaintiff admits that she has not registered any copyrights. Dkt. No. [1] ¶ 24. She has not indicated that she continues to create similar works, and she has not alleged potential infringement of future works.

Instead, she alleges only that Defendants have already misused her photos, taken several decades prior, by registering and selling them without her permission and that they may continue to infringe her rights in the same existing set of photos, which is already in Defendants' possession. Id. ¶¶ 22–23, 35–36, 45. Therefore, Duncan does not require that the Court permit Plaintiffs' pleas for injunctive relief here.

Furthermore, the Supreme Court indicated that injunctive relief is not available in cases concerning only unregistered copyrights when it affirmed the Eleventh Circuit's Fourth Estate decision. Fourth Est., 139 S. Ct. at 891. The Supreme Court announced, "*Once the Register grants or refuses registration*, the copyright owner may also seek an injunction barring the infringer from continued violation of her exclusive rights . . . ." Id. (citing 17 U.S.C. § 502) (emphasis added). Thus, the Supreme Court implied that the exception recognized in Duncan does not apply when there is no registered copyright on which a plaintiff may rest her case. Put simply, although *unregistered* copyrights may be part of a plaintiff's injunctive relief in a copyright infringement suit, the plaintiff must first prove infringement of a *registered* copyright to receive that relief. E.g., Emmerich Newspapers, Inc. v. Particle Media, Inc., No. 3:21-cv-32, 2022 WL 843209, at *2 (S.D. Miss. Mar. 21, 2022) (citing Fourth Est., 139 S. Ct. at 887, 890–92)); CCDB Partners v. DKA Sys., LLC, No 1:19-cv-1541, 2019 WL 13218559, at *3–4 (D. Minn. Dec. 12, 2019) (first citing Fourth Est., 139 S. Ct. at 887; then citing Olan Mills, 23 F.3d at 1349; and then citing Perfect 10, Inc. v. Amazon.com, Inc., 508 F.3d 1146,

1154 n.1 (9th Cir. 2007)). Therefore, without any registered copyrights, Plaintiff has no valid infringement claim, as necessary for her to receive the injunctive relief sought.

Accordingly, **Counts One and Two** of Plaintiff's Complaint are **DISMISSED**. The Court notes, however, that if Plaintiff does acquire her photographs at a later date, she may be able to register copyrights and then bring an infringement action, at which point she would be able to recover for any infringement that occurred before registration. See Fourth Est., 139 S. Ct. at 891.

### C. Unjust Enrichment

Next, Count Three of Plaintiff's Complaint seeks recovery on a state law unjust enrichment theory. Dkt. No. [1] ¶¶ 50–56. Defendants move to dismiss this count, in part on preemption grounds. Dkt. No. [15-1] at 14–18. In her Response to Defendants' Motion to Dismiss, Plaintiff concedes that the Copyright Act preempts her unjust enrichment claim. Dkt. No. [17] at 6 ("Eleventh Circuit case law provides that Taylor's claim for unjust enrichment is also entirely preempted by the Copyright Act . . . ."); Dkt. No. [18] at 2. And she does not otherwise respond to Defendants' arguments for dismissal of her unjust enrichment claim. Cf. LR 7.1(B), N.D. Ga. ("Failure to file a response shall indicate that there is no opposition to the motion."); White v. Ga. Dep't of Motor Vehicle Safety, No. 1:06-cv-0124, 2006 WL 1466254, at *1 (N.D. Ga. May 19, 2006). Therefore, Defendants' Motion is unopposed as to **Count Three**, and that count is **DISMISSED**.

## IV.   CONCLUSION

In accordance with the foregoing, Defendants' Motion to Dismiss [15] is **GRANTED**. Plaintiff's Complaint [1] is **DISMISSED without prejudice**. The Clerk is **DIRECTED** to **CLOSE** this case.

**IT IS SO ORDERED** this 19th day of December, 2022.

**Leigh Martin May**
**United States District Judge**